## APPEAL OF LOUIS ALLEN.

Docket No. 383.  Submitted October 13, 1925.  Decided November 11, 1925.

*Bernard Greensfelder, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This appeal is from the determination of a deficiency in income tax for the year 1920 in the amount of $1,057.81.  The issues involved are: (1) The value on March 1, 1913, for depreciation purposes, of a brick store building; (2) whether payments for papering, painting, and guttering a rental dwelling shall be accounted for as capital investments; and (3) the taxpayer's right to make his own rules for taking his closing inventory and adjusting the same.

### FINDINGS OF FACT.

The taxpayer resides at O'Fallon, Ill., where he conducts a general merchandise business in a brick store building which he purchased in 1909 and still owns.  The cost of such building and the parcel of land on which it stands was $5,000, of which $4,500 was for the building and $500 for the land.  Additions and improvements were made to the building prior to March 1, 1913, at a cost of not less than $12,800, and the fair market value of the enlarged and remodeled structure on March 1, 1913, was $15,000.

During the year 1920 the taxpayer purchased a dwelling house for rental purposes and expended $243.45 in papering, painting and guttering the same to make it more suitable for prospective tenants. He charged the cost of such improvements to his capital investment in the property, which he sold before the end of the year at an advance over its first cost to him.

For many years it was the practice of the taxpayer to make his annual merchandise inventory on the basis of cost, without regard to market value.  To adjust such inventory to actual conditions he took the sum of 2 per cent of both sales and purchases into his closing balance sheet for each year as an item of business expense.  The discount from sales was to take care of losses resulting from return of merchandise by customers; the discount on purchases was taken for the purpose of reducing closing inventories taken at cost to the actual market value of the merchandise listed.

Upon audit of the taxpayer's income-tax return for 1920 the Commissioner allowed depreciation on the store building on the basis of a value of $7,000 on March 1, 1913; held that the amounts spent for papering and painting the rental property should be accounted

for as expense items; and disallowed the sum obtained by adding 2 per cent of the sales and purchases of merchandise for the year as an element of the cost of sales or as a proper inventory adjustment.

### DECISION.

The determination of the Commissioner is approved in part. Taxpayer is entitled to depreciate his brick store building on the basis of a value of $15,000 on March 1, 1913, at the rate of 3 per cent per annum, and to include the amount of $243.45 in the capital cost of the rental property. The determination of the Commissioner as to inventory adjustments is approved. Final determination will be made on 15 days' notice, under Rule 50.